## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JUDITH SHAULIS, | |
| Plaintiff, | |
| v. | CIVIL ACTION NO. |
| NORDSTROM, INC. d/b/a NORDSTROM RACK, | |
| Defendant. | |

## <u>NOTICE OF REMOVAL</u>

Pursuant to 28 U.S.C. §§ 1332, 1441, 1442, 1446, defendant Nordstrom, Inc. ("Nordstrom Rack") hereby notices the removal of Case No. SUCV2014-03483 from the Superior Court for Suffolk County, Commonwealth of Massachusetts.  In support of this Notice, Nordstrom Rack states:

1.      Nordstrom Rack is named as the defendant in a purported class action brought by Judith Shaulis ("Plaintiff") in the Superior Court for the County of Suffolk, Massachusetts, bearing Civil Action No. 14-3483.   The original complaint was filed on November 6, 2014.  The Second Amended Complaint ("SAC") was filed on December 24, 2014.

2.      Nordstrom Rack was not served with the original complaint or the First Amended Complaint.  Nordstrom Rack was served with the summons and SAC by process server on January 12, 2015.  A copy of the summons and SAC received by Nordstrom Rack is attached hereto at Exhibit 1.  Thus, Nordstrom Rack has timely removed this action to this Court under 28 U.S.C. § 1446(b).

3.      The above described action is one in which this Court has jurisdiction pursuant to 28 U.S.C. §§ 1332, and is removable under the provisions of 28 U.S.C. §§ 1441-1442 and 1446.

4.      Plaintiff purports to bring this action on behalf of herself and "[a]ll individuals residing in the Commonwealth of Massachusetts who, within the applicable statute of limitations preceding the filing of this action (including but not limited to from 11/2/10 through the present – 'Class Period'), purchased Nordstrom Rack Products."  (SAC ¶ 29.)  Plaintiff alleges common law claims for fraud, breach of contract and unjust enrichment, and violations of 940 CMR 6:01, the Federal Trade Commission Act, 15 U.S.C. §§ 45(a)(1) and 52(a), and M.G.L. c. 93A .  (*Id.* ¶¶ 38-53, 55-59, 60-62, 63-68, and 69-73)

5.      Plaintiff principally alleges that Nordstrom Rack "misrepresented the existence, nature, and amount of price discounts on products: (a) manufactured exclusively for Nordstrom Rack and sold at Nordstrom Rack; and (b) manufactured by other brands and sold at Nordstrom Rack (collectively 'Nordstrom Rack Products') by purporting to offer discounts off of fabricated former prices."  (*Id*. ¶ 2.)  The term "Nordstrom Rack Products" expressly excludes products sold at Nordstrom Rack stores that were actually previously offered for sale at Nordstrom main line retail stores.  (*Id.*)  Plaintiff also alleges that "Nordstrom Rack's website, however, falsely suggests that the Nordstrom Rack Products are equivalent to the products sold at Nordstrom's main line retail stores: 'Why Shop the Rack? Because we have the most current trends and the brands you love for 30-70% off original prices—each and every day.'"  (*Id.* ¶ 5.)  Plaintiff further alleges, "[t]he truth is that the Nordstrom Rack Products are not discounted off 'original prices.'   Most Nordstrom Rack Products are seldom if ever offered for sale at the Nordstrom main line retail stores and are typically of lesser quality." (*Id.*)

6.      The SAC seeks wide-ranging forms of relief on behalf of Plaintiff and the purported class, including restitution and/or equitable relief, such as disgorgement of all profits and unjust enrichment, injunctive relief, damages, including treble damages, attorneys' fees and costs, an award of pre- and post-judgment interest, and "such further relief as may be deemed necessary or appropriate under the facts."  (*Id.* Prayers For Relief ¶¶ A-H.)

7.      Removal is based on the original jurisdiction of this Court as follows:

**FEDERAL JURISDICTION EXISTS UNDER
THE PROVISIONS OF THE FEDERAL CLASS ACTION FAIRNESS ACT**

8.      The Class Action Fairness Act of 2005 grants federal district courts original jurisdiction over civil class action lawsuits filed under federal or state law in which "any member of a class of plaintiffs is a citizen of a State different from any defendant," and "the matter in controversy exceeds the sum or value of $5 million exclusive of interests and costs." 28 U.S.C. § 1332(d)(2)-(5).

9.      Exceptions to this rule are contained in 28 U.S.C. § 1332(d)(3)-(5), none of which are applicable here.

10.     28 U.S.C. § 1332(d)(6) provides that "[i]n any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5 million exclusive of interests and costs."

11.     This case is removable under the Class Action Fairness Act because the Plaintiff and all putative class members are citizens of the Commonwealth of Massachusetts while the sole defendant, Nordstrom Rack, is a Washington corporation with its principal place of business in the State of Washington.

A/76688801.1

12.     In general, the courts may consider attorney's fees, punitive damages, and treble damages in calculating the amount in controversy where such damages are authorized or mandated by statute.  *See Youtsey v. Avibank Mfr., Inc.*, 734 F. Supp. 2d 230, 238 (D. Mass. 2010) (a statutory award of attorney's fees should be included in the calculation the amount in controversy); *Baker v. Equity Residential Mgmt.,* L.L.C., 996 F. Supp. 2d 1, 7 (D. Mass. 2014) (treble damages and attorney's fees under Mass. Gen. L. c. 93A, § 9(3) may be considered when calculating the jurisdictional minimum in a CAFA removal action); *Guglielmino v. McKee Foods Corp.*, 506 F. 3d 696, 700 (9th Cir. 2007) (upholding the inclusion of punitive damages in the amount in controversy, which the trial court estimated using a 1:1 ratio to economic damages, as well as the inclusion of attorneys' fees, which the trial court estimated as 12.5% of the alleged economic damages).  Accordingly, the Court may consider the treble damages and attorney's fees that Plaintiff is seeking under Mass. Gen. L. c. 93A, § 9(3) when calculating the jurisdictional minimum this case.  .

13.     Although Nordstrom Rack denies that Plaintiff is entitled to any of the relief sought, if recovered, the amount in controversy exceeds $5 million exclusive of interest and costs.  First, Plaintiff conservatively estimates that "the Class consists of thousands of members," but acknowledges that, "the precise number [of purported class members] is *within the knowledge of and can be ascertained only by resort to Nordstrom's records*."  (SAC ¶ 31) (emphasis added.)  Second, Plaintiff alleges that "the aggregate damages sustained by the [purported class] are in the millions of dollars . . . ."  (SAC ¶ 35).

14.     Notwithstanding Plaintiff's conservative allegations, Nordstrom Rack has conducted hundreds of thousands of transactions within the State of Massachusetts over the purported class period, each of which may involve "Nordstrom Rack Products."  Moreover, the

gross amount of sales of "Nordstrom Rack Products" to purported class members during the class period is in the multi-millions of dollars, and at least exceeds $2 million.

15.     Plaintiff seeks restitution of the cost of each item purchased by class members during the class period, as well as contract and fraud damages, treble damages, and attorneys' fees and costs.  (*Id*. Prayers For Relief ¶¶ A-H.)

16.     Even taking the *most conservative* damages estimate, based only on Plaintiff's allegations, and assuming the gross amount of the "millions" of dollars of sales of Nordstrom Rack Products over the purported class period is only $2 million, a treble of that amount (which excludes attorneys' costs) would put the purported class' damages at $6 million, well over the jurisdictional threshold.

17.     Regardless of Plaintiff's claims regarding the amount in controversy, a removing defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).  Moreover, in determining the amount in controversy, the Court may look beyond the complaint to determine whether the amount in controversy is met.  *See id.* at 553-54 (recognizing that under § 1446, if the amount in controversy alleged in the notice of removal is challenged, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount in controversy requirement is satisfied."); *see also Romulus v. CVS Pharmacy, Inc.*, 770 F. 3d 67, 82 (1st Cir. 2014) ("holding that defendant's estimate of damages demonstrated a reasonable probability that the amount in controversy exceeded $5 million even when accounting for the plaintiffs' objections).

18.     In light of these facts, there is a reasonable probability the amount in controversy exceeds five million dollars.  Accordingly, this action is removable under the Class

A/76688801.1

Action Fairness Act, 28 U.S.C. § 1332(d).  *Dart Cherokee Basin Operating Co., LLC*, 135 S. Ct. at 554; *Romulus*, 770 F. 3d at 82.

### THE COURT SHOULD EXERCISE JURISDICTION OVER THIS ACTION

19.     This Court, therefore, has jurisdiction over this action pursuant to 28 U.S.C. §§ 1332, and removal of the action to this Court is proper pursuant to 28 U.S.C. §§ 1441, 1442 and 1446.

20.     Pursuant to 28 U.S.C. § 1446(d), Nordstrom Rack states that it shall promptly file a copy of this Notice with the Clerk of the Superior Court for Suffolk County, Commonwealth of Massachusetts.

WHEREFORE, defendant Nordstrom Rack hereby removes the above-referenced action now pending in the Superior Court for the County of Suffolk, Massachusetts, therefrom to this Court.

Dated: February 11, 2015

RESPECTFULLY SUBMITTED,

MORGAN, LEWIS & BOCKIUS LLP

*Of Counsel*
Kathleen A. Waters, BBO# 567991
kwaters@morganlewis.com
(admission pending)
Joseph Duffy
jduffy@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA  90071-3132
Telephone: +1.213.612.2500
Facsimile: +1.213.612.2501

By: */s/ Julie Silva Palmer*
     Julie Silva Palmer, BBO# 676788
     julie.palmer@morganlewis.com
     **MORGAN, LEWIS & BOCKIUS LLP**
     One Federal Street
     Boston, MA 02110
     Telephone:+1.617.951.8049
     Facsimile:+1.617.951.8736
     *Attorneys for Defendant Nordstrom, Inc. d/b/a Nordstrom Rack*

A/76688801.1

## CERTIFICATE OF SERVICE

I, Julie Palmer, counsel for the defendant, Nordstrom, Inc. ("Nordstrom Rack"), do hereby certify that on February 11, 2015, a true and accurate copy of the above document and exhibits hereto was served by email and first class mail on all counsel of record, and were filed by hand with the Clerk of the Courts for Suffolk County.

*/s/ Julie Silva Palmer*

A/76688801.1