# Appendix 1

# Relevant Section of

# 940 CMR 3.00 et seq.

# and

# 940 CMR 6.00 et seq.

§ 3.02. False Advertising.

**Code of Massachusetts Regulations**

**940 CMR. OFFICE OF THE ATTORNEY GENERAL**

**940 CMR 3.00. GENERAL REGULATIONS**

*Current through Register 1281, February 27, 2015*

**§ 3.02. False Advertising**

(1)   No advertisement containing an offer to sell a product shall be made when the offer is not a bona fide effort to sell the advertised product.

(2)   No statement or illustration shall be used in any advertisement which creates a false impression of the grade, quality, make, value, currency of model, size, color, usability, or origin of the product offered, or which may otherwise misrepresent the product in such a manner that later, on disclosure of the true facts, there is a likelihood that the buyer may be switched from the advertised product to another.
Even though the true facts are subsequently made known to the buyer, the law is violated if the first contact or interview is secured by deception.

(3)   No act or practice shall be engaged in by an advertiser or seller to discourage the purchase of the advertised product as part of a bait scheme to sell another product. For example, among acts or practices which will be considered in determining if an advertisement is a bona fide offer are:

(a)   The refusal to show, demonstrate, or sell the product offered in accordance with the terms of the offer.

(b)   The disparagement by acts or words of the advertised product or disparagement with respect to the guarantee, credit terms, availability of service, repairs or parts, or in any other respect, in connection with it.

(c)   The failure to have available at all outlets listed in the advertisement a sufficient quantity of the advertised product to meet reasonably anticipated demands, unless the advertisement clearly and adequately discloses that supply is limited and/or the product is available only at designated outlets.

(d)   The refusal to take orders for the advertised product to be delivered within a reasonable period of time.

(e)   The showing or demonstrating of a product which is defective, unusable or impractical for the purpose represented or implied in the advertisement.

(f)    Use of a sales plan or method of compensation for salesmen or penalizing salesmen, designed to prevent or discourage them from selling the advertised product.

(4)    No practice shall be pursued by an advertiser or seller in the event of sale of the advertised product of obtaining or attempting to obtain a rescission of the sale for the purpose of selling another product in its stead. Among acts or practices which are relevant in determining if the initial sale was in good faith, and not a stratagem to sell another product are:

(a)    Accepting a deposit for the advertised product, then switching the buyer to a higher-priced product.

(b)    Failure to make delivery of the advertised product within a reasonable time or to make a refund.

(c)    Disparagement by acts or words of the advertised product, or disparagement with respect to the guarantee, credit terms, availability of service, repairs, or in any other respect, in connection with it.

(d)    The delivery of the advertised product which is defective, unusable or impractical for the purpose represented or implied in the advertisement. Sales of the advertised product do not preclude the existence of a bait and switch scheme if the sales are a mere incidental by-product of the fundamental plan and are intended to provide an aura of legitimacy to the over-all operation.

**History.** Amended by Mass Register Issue 1263, eff. 6/20/2014.

§ 3.05. General Misrepresentations.

**Code of Massachusetts Regulations**

**940 CMR. OFFICE OF THE ATTORNEY GENERAL**

**940 CMR 3.00. GENERAL REGULATIONS**

*Current through Register 1281, February 27, 2015*

**§ 3.05. General Misrepresentations**

(1)    No claim or representation shall be made by any means concerning a product which directly, or by implication, or by failure to adequately disclose additional relevant information, has the capacity or tendency or effect of deceiving buyers or prospective buyers in any material respect. This prohibition includes, but is not limited to, representations or claims relating to the construction, durability, reliability, manner or time of performance, safety, strength, condition, or life expectancy of such product, or financing relating to such product, or the utility of such product or any part thereof, or the ease with which such product may be operated, repaired, or maintained or the benefit to be derived from the use thereof.

(2)    No advertisement shall be used which would mislead or tend to mislead buyers or prospective buyers, through pictorial representations or in any other manner, as to the product being offered for sale. Where price is featured in advertising, any picture or depiction utilized in connection therewith, shall clearly indicate the exact product being offered for sale at the advertised price.

§ 3.16. General.

**Code of Massachusetts Regulations**

**940 CMR. OFFICE OF THE ATTORNEY GENERAL**

**940 CMR 3.00. GENERAL REGULATIONS**

*Current through Register 1281, February 27, 2015*

**§ 3.16. General**

Without limiting the scope of any other rule, regulation or statute, an act or practice is a violation of M.G.L. c.93A, s. 2 if:

(1)    It is oppressive or otherwise unconscionable in any respect; or

(2)    Any person or other legal entity subject to this act fails to disclose to a buyer or prospective buyer any fact, the disclosure of which may have influenced the buyer or prospective buyer not to enter into the transaction; or

(3)    It fails to comply with existing statutes, rules, regulations or laws, meant for the protection of the public's health, safety, or welfare promulgated by the Commonwealth or any political subdivision thereof intended to provide the consumers of this Commonwealth protection; or

(4)    It violates the Federal Trade Commission Act, the Federal Consumer Credit Protection Act or other Federal consumer protection statutes within the purview of M.G.L. c. 93A, s. 2.

§ 6.01. Definitions.

**Code of Massachusetts Regulations**

**940 CMR. OFFICE OF THE ATTORNEY GENERAL**

**940 CMR 6.00. RETAIL ADVERTISING**

*Current through Register 1281, February 27, 2015*

**§ 6.01. Definitions**

**Advertisement.** "Advertisement" (including the terms "advertise" and "advertising") means any oral, written, graphic, or pictorial representation made by a seller in the course of the solicitation of retail business or which encourages a person to purchase a retail product. Advertisement includes a: representation made in a newspaper, magazine, on or via the Internet or other publication or on radio or television or contained in any notice, handbill, sign, billboard, banner, poster, display, circular, pamphlet, catalog, or letter, or printed on or contained in any tag or label which is attached to or accompanies any product offered for sale. Advertisement includes any representation disseminated within Massachusetts if the advertisement is directed to consumers in Massachusetts, or accessible to Massachusetts consumers on or via the Internet.

**Clear and Conspicuous.** "Clear and Conspicuous" (including the terms "clearly and conspicuously") means that the material representation being disclosed is of such size, color, contrast or audibility and is so presented as to be readily noticed and understood by a reasonable person to whom it is being disclosed. Without limiting the requirements of the preceding sentence:

(a)   A material representation in a printed, written, typed or graphic advertisement, except a representation in a catalog or in a finance, lease or rent-to-own advertisement covered by the requirements of paragraphs (e), is not clear and conspicuous unless such material representation either:

   1.   appears in type which is a minimum of eight point type; or

   2.   in the case of a material representation modifying eight point type copy, appears in type which is bold and a minimum of six point type; or

   3.   in the case of a material representation modifying eight point bold type, appears in type which is contrasting and a minimum of six point type.

(b)   In addition to the mandatory minimum type size requirements for clear and conspicuous disclosures in printed advertisements set forth in paragraphs (a) and (e), the following non-mandatory guidelines will be considered in determining if such disclosures are clear and conspicuous:

1.  whether the disclosure is in close proximity to the information which it modifies and is not obscured by any information which it does not modify;

2.  whether the leading and spacing of the typeface or font used in the disclosure is of such size and appearance as to be readily noticed and legible;

3.  whether the disclosure is printed in letters which noticeably contrast with the background against which it appears;

4.  when an asterisk or similar symbol is used to denote that a disclosure appears elsewhere in the advertisement, whether every asterisk in the advertisement appears as prominent as the disclosure it accompanies, whether the asterisk adjacent to the disclosure is of the same size and appearance as the original asterisk;

5.  where a disclosure applies to an entire advertisement which consists of more than one page or to a significant number of identified products in the advertisement, that the disclosure appears on each page of the advertisement or in an area, or by reference to another page, in the advertisement, if the disclosure or reference, respectively, is readily noticeable by a reasonable person;

6.  where the disclosures are made with respect to a particular product or service in an advertisement on the Internet, that all of the material terms of the disclosures must be prominently referenced by the seller and be accessible by the consumer before a purchase transaction can be completed.

(c)  A disclosure is not clear and conspicuous if any material terms of the offer that affect the price of an item, impose conditions on acceptance of the offer, or affect the scope of eligibility for the promotion, prize or program, are not disclosed in the advertisement itself, but require reference to an outside source, including but not limited to those offers that specify: "see store for details," "see web site for details," "call this number for additional details."

(d)  A material representation in a radio advertisement, in the audio portion of a television advertisement, or broadcast in any other audio medium is not clear and conspicuous unless:

1.  It is at an audible decibel level;

2.  It is at a speed equal to or less than any other representation contained in the advertisement; and

3.  No other words are used and no sounds are used which have the effect of obscuring or distracting attention from the material representation, or disparaging its meaning or importance.

(e)    A material representation, other than a material representation covered by the requirements of 940 CMR 6.09 , 6.10 or 6.11 , in the video portion of a television advertisement or appearing in any video medium, including videos accessible on or via the Internet, is not clear and conspicuous unless:

    1.    It contains letters of a color or shade that noticeably contrast with the background, and the background does not consist of colors and/or images which obscure or detract attention from the material representation or are disparaging to its meaning or importance; and

    2.    It appears on the screen for a time period reasonably sufficient for a viewer to read, given the length of the disclosure, but in any event, for at least three seconds.

(f)    An advertisement containing a representation subject to the requirements of 940 CMR 6.09 , 6.10 or 6.11 is not clear and conspicuous unless:

    1.    for a printed, written, typed or graphic advertisement, such material representation appears in type which is at least one-third the size of the largest type of information which it modifies;

    2.    for the video portion of a television advertisement, such material representation:

        a.    contains letters of a color or shade that noticeably contrast with the background, and the background does not consist of colors and/or images which obscure or detract attention from the material representation or are disparaging to its meaning or importance; and

        b.    appears on the screen for a duration equal to at least one second for every three words of the material representation but in any event, not less than a total of five seconds.

    3.    for a radio advertisement or the audio portion of a television advertisement, such material representation complies with the requirements of paragraph (c).

(g)    It shall be an unfair or deceptive act or practice for a seller to use a disclosure set apart from the primary claim to which it refers, such as by use of an asterisked footnote, if such disclosure imparts a meaning that contradicts or materially alters the meaning of the term, statement or claim to which it refers.
**Comparative Price.** "Comparative Price" means the price or value of a product to which a seller is comparing his or her current price in any advertisement.

**Disseminate.** "Disseminate" means to publish, broadcast, deliver, circulate, mail, display, post, make available for access on or via the Internet, or otherwise distribute to a consumer.

**Dissemination Date**. "Dissemination Date" means the earlier of

(a)   the first date an advertisement is disseminated; or

(b)   the first date an advertisement takes effect.

**Hard Goods**. "Hard Goods" mean any electrical, mechanical or thermal item produced or distributed for sale to a consumer for use in or around a permanent or temporary household or residence or as a part for or an accessory to a motor vehicle and shall include, but not be limited to, air conditioners, audio-video equipment, computers, dehumidifiers, dishwashers, dryers, electric blankets, electronic or mechanical games or toys, fans, freezers, humidifiers, motorized kitchen aids, ovens, radios, ranges, refrigerators, sports, recreational, hobby and exercise equipment, stereophonic equipment, televisions, and washers.

**Material Representation**. "Material Representation" means any oral, written, graphic or pictorial claim or statement, the disclosure of which has the tendency or capacity to influence the decision of reasonable buyers or reasonable prospective buyers whether to purchase the product.

**Measurement Date**. "Measurement Date" means the Dissemination Date or the Submission Date, as determined by 940 CMR 6.04(3) .

**Person**. "Person" means an association, a corporation, an individual, an institution, an organization, a partnership, a trust or any other legal entity.

**Price Comparison**. "Price Comparison" means the comparison in any advertisement (whether or not expressed wholly or in part in dollars, cents, fractions, or percentages) of a seller's current price for a product with any other price or representation of value, whether or not such other price is actually stated in the advertisement. Price comparison includes any price reduction claim or savings claim which a seller makes with respect to the seller's current price for any product.

**Product**. "Product" means any and all goods, whether tangible or intangible, real, personal or mixed and any and all services or franchise or distribution systems of any nature which are used for personal, family or household purposes.

**Representation**. "Representation" means any oral, written, graphic or pictorial claim or statement.

**Seller**. "Seller" means any person who offers any product for sale, rental or lease. "Seller" includes any authorized representative of a seller; however "seller" shall exclude an individual not engaged in trade or commerce under M.G.L. c. 93A, who places a classified advertisement in a newspaper, magazine, on or via the Internet,

or other publication.

**Submission Date**. "Submission Date" means the most recent of:

(a)    the date an advertisement is submitted for publication or dissemination; or

(b)    the last date upon which changes can be made to the advertisement prior to publication or dissemination.

**Trade Area**. "Trade area" means the geographic area where the seller's outlets are located and where the seller's advertisements are disseminated. A trade area may include a sales location in a state other than Massachusetts only if it is reasonably foreseeable that Massachusetts buyers would regularly purchase at such out-of-state locations; however, a seller may compare its price for a product or a class of products to the price(s) offered by a competitor outside of Massachusetts for the same or similar products as long as the competitor is identified by location and name or by reputation in the advertisement, and the comparison complies with the provisions of 940 CMR 6.05(8) or (9) .

§ 6.02. Scope of Regulations.

**Code of Massachusetts Regulations**

**940 CMR. OFFICE OF THE ATTORNEY GENERAL**

**940 CMR 6.00. RETAIL ADVERTISING**

*Current through Register 1281, February 27, 2015*

**§ 6.02. Scope of Regulations**

940 CMR 6.00 shall apply to any advertisement, except those advertisements governed by the Motor Vehicle Regulations printed at 940 CMR 5.00 , *et seq*. 940 CMR 6.00 shall be in addition to the General Regulations printed at 940 CMR 3.00 , *et seq*.

§ 6.02. Scope of Regulations.

**Code of Massachusetts Regulations**

**940 CMR. OFFICE OF THE ATTORNEY GENERAL**

**940 CMR 6.00. RETAIL ADVERTISING**

*Current through Register 1281, February 27, 2015*

**§ 6.02. Scope of Regulations**

940 CMR 6.00 shall apply to any advertisement, except those advertisements governed by the Motor Vehicle Regulations printed at 940 CMR 5.00 , *et seq.* 940 CMR 6.00 shall be in addition to the General Regulations printed at 940 CMR 3.00 , *et seq.*

§ 6.03. Basic Principles.

**Code of Massachusetts Regulations**

**940 CMR. OFFICE OF THE ATTORNEY GENERAL**

**940 CMR 6.00. RETAIL ADVERTISING**

*Current through Register 1281, February 27, 2015*

**§ 6.03. Basic Principles**

(1)  The responsibility for truthful and nondeceptive advertising rests with the seller. Sellers must be able to substantiate material representations made before such representations are disseminated. Sellers must maintain sufficient records pursuant to 940 CMR 6.14 to substantiate the representations made in their advertisements in order that such substantiation can be made available to the Attorney General upon request. The fact that the representations were made in information furnished to the seller by the manufacturer or distributor of a product shall be deemed sufficient substantiation for purposes of 940 CMR 6.03(1) if the seller repeated the representation in good faith reliance on that information.

(2)  Sellers shall not use advertisements which are untrue, misleading, deceptive, fraudulent, falsely disparaging of competitors, or insincere offers to sell.

(3)  An advertisement as a whole may be unfair or deceptive although each representation separately construed is literally true.

(4)  An unfair or deceptive representation may result not only from direct representations and the reasonable inferences they create, but from the seller's omitting or obscuring a material fact.

§ 6.04. General Requirements.

**Code of Massachusetts Regulations**

**940 CMR. OFFICE OF THE ATTORNEY GENERAL**

**940 CMR 6.00. RETAIL ADVERTISING**

*Current through Register 1281, February 27, 2015*

**§ 6.04. General Requirements**

(1)  **Misleading Representations.** It is an unfair or deceptive act for a seller to make any material representation of fact in an advertisement if the seller knows or should know that the material representation is false or misleading or has the tendency or capacity to be misleading, or if the seller does not have sufficient information upon which a reasonable belief in the truth of the material representation could be based.

(2)  **Disclosure of Material Representations.** It is an unfair or deceptive act for a seller to fail to clearly and conspicuously disclose in any advertisement any material representation, the omission of which would have the tendency or capacity to mislead reasonable buyers or prospective buyers. For purposes of 940 CMR 6.00 , material representations which must be clearly and conspicuously disclosed shall include but are not limited to the following:

   (a)  The fact that a mandatory fee in addition to the advertised price will be charged for any service such as delivery, handling, installation, or an initiation fee;

   (b)  The amount of any handling, service or other additional fee for an admission ticket to an entertainment event charged to any purchaser who purchases such ticket through a ticket service or similar entity other than the box office for the facility holding such event when the advertisement refers to the price of such ticket;

   (c)  The fact that the product advertised is available for the advertised price only after the purchaser receives a rebate from the manufacturer of the product. If the advertised price includes a rebate, and either the rebate is in a form other than cash or check, then the seller must disclose the form of the rebate clearly and conspicuously in immediate proximity to the reference to the rebate and the advertised price; and if the rebate is available only after certain conditions or limitations are satisfied, then the seller must disclose all terms, conditions and limitations of the rebate, either at the point it is promoted, or otherwise by asterisked disclosure as described in 940 CMR 6.01 , Definitions, "Clear and Conspicuous" (b)(4);

   (d)  The fact that the product advertised is used, rebuilt, remanufactured,

reconditioned, imperfect, irregular or a second, unless the context of the advertisement readily so indicates, such as an advertisement for sales of used or consigned goods;

(e) In the case of hard goods, the fact that a hard good advertised has been discontinued by the manufacturer, if the seller knows:

    1. that there is a significant risk that the product will not have replacement parts and supplies essential to the operation of the product available during its average useful life or for three years after purchase, whichever is less; or

    2. that the product has been discontinued and either:

        a. is the subject of a notice from the manufacturer that the manufacturer will voluntarily add a safety improvement to the product; or

        b. lacks safety improvements that the manufacturer either has agreed to make or has been required to make by a regulatory agency; provided, however, that no product subject to a recall pursuant to the Consumer Product Safety Improvement Act of 2008 or the Federal Hazardous Substances Act may be sold or distributed within the Commonwealth after a recall notice has issued and the seller has had a reasonable opportunity to comply, not to exceed three (3) calendar days.

(f) In the case of hard goods individually identified for sale in any advertisement, the manufacturer's name or trade name, the seller's proprietary trademark, or if a seller is prohibited by law or by contract from using the manufacturer's name or trade name in an advertisement, the phrase "famous brand names" or any similar phrase, and the model number of any hard goods, unless it is the only model of the hard good currently being sold in the trade area or the item is not customarily identified and distinguished by its model number, or it is being offered for sale at a price under $50.

(g) The fact that the product advertised at a stated price does not include parts, accessories or equipment customarily included and necessary or usual to the proper functioning, appearance, or use of such product.

(h) With respect to tags, labels and in-store signs:

    1. a tag need only contain material representations regarding the price of an item;

    2. a label need only contain material representations regarding the quality of an item;

3.  an in-store sign need only contain material representations regarding the price or quality of an item.

(3)  **Time Periods.** The validity of any material representation covered by 940 CMR 6.00 shall be determined, and all time periods set forth in 940 CMR 6.00 shall be measured, as of the dissemination date of the advertisement. However, a seller may base a material representation on the submission date of the advertisement provided that the seller has a good faith basis, founded on its own past and present selling practice or that of other sellers in its trade area, for believing that the material representation made in the advertisement will be true as of the dissemination date of the advertisement and during the effective period of the advertisement.

§ 6.05. Price Comparison and Savings Claims.

**Code of Massachusetts Regulations**

**940 CMR. OFFICE OF THE ATTORNEY GENERAL**

**940 CMR 6.00. RETAIL ADVERTISING**

*Current through Register 1281, February 27, 2015*

**§ 6.05. Price Comparison and Savings Claims**

(1)   **Declaration of Policy.** Price comparison advertising is a form of advertising used in the sale of products whereby current prices are compared with the seller's former or future prices, the prices of other sellers, or other stated values to demonstrate price reductions or cost savings. While price comparisons which accurately reflect market values in the trade area provide consumers with useful information in making buying decisions, price comparisons based on false, arbitrary or inflated prices or values deceive or mislead the public. Abuse also occurs when sellers fail to disclose material information which is important to enable consumers to understand the price comparison.

It is the intent of 940 CMR 6.00 to ensure that the comparative price used in any price comparison advertisement provides accurate information and meaningful guidance to the consumer, and to this end 940 CMR 6.05(1) through (17) are to be liberally construed.

(2)   **Unidentified Price Comparisons.**

   (a)   It is an unfair or deceptive act for a seller to state or imply that it is offering any savings as to any product by making a direct or indirect price comparison, unless the seller clearly and conspicuously describes the basis for the price comparison. Notwithstanding the foregoing, a seller may claim a savings or compare a higher and a lower price without disclosing the basis for the comparison if the seller is comparing to its own former price. In such a case, the provisions of 940 CMR 6.05(3) will be applied for the purpose of determining the seller's former price.

   (b)   Terms such as "formerly", "regularly", "originally", or terms of similar meaning shall mean the seller's own former price, as determined in accordance with 940 CMR 6.05(3). Advertisements containing such language shall be construed under such 940 CMR 6.05(3).

(3)   **Comparison to Seller's Own Former Prices.**

   (a)   It is an unfair or deceptive act for a seller to compare its current price with its former price for any product, unless such former price is a bona fide, actual price at which the seller offered the product to the public, openly and in good faith for a reasonably substantial period of time in the recent past. The burden shall be on the seller to show that its former price is not an inflated or exaggerated price, and that the seller offered the product to the public at the former price openly and in good faith. The following factors may be considered in determining whether the seller has met its burden of demonstrating that its former price is a bona fide, actual price:

1.  whether the former price exceeds the seller's usual and customary retail mark-up for similar merchandise;

2.  whether the seller compares its current price to its former price when the seller knows at the time it sets the former price that no sales, or very few sales, will be made at such former price;

3.  whether the former price substantially exceeds the price at which a reasonable number of non-discount sellers offer the product in the seller's trade area;

4.  where a "manufacturer's suggested retail price" or a "list price" exists for the product, whether the former price exceeds such price;

5.  whether the product was openly and actively offered in the recent, regular course of business, such as by devoting reasonable display space to the product during the period(s) in which it was at the former price, maintaining reasonable inventory during former price periods, or advertising the product at the former price; and

6.  the duration of any sales offering the current price or a different discounted price for the product, as compared to the duration of the offer at the former, non-sale price.

(4)  **SafeHarborfor Comparison Prices**.

(a)  Without limiting the general requirements described above, a former price shall qualify as a bona fide, actual former price if:

1.  during the six months preceding the dissemination date of an advertisement of a price comparison, the former price was charged with respect to 40% of sales of the item;

2.  the former price was offered openly and in good faith for the 14 days immediately preceding the dissemination date of an advertisement of a comparison price; or

3.  the former price was offered openly and in good faith for at least 28 days during the 90 days immediately preceding the dissemination date of an advertisement of a price comparison, or during any other 90 day period within the 12 months preceding the dissemination date of an advertisement of a price comparison, provided the advertisement clearly discloses the date, time or seasonal period of such offer (e.g.: last season).

(b)  Notwithstanding 940 CMR 6.05(3)(a), it shall not be an unfair or deceptive act for a seller to advertise a sale that involves a substantial portion of the products in a

store or department, even if the sale covers some products with respect to which a general price comparison made in the advertisement fails to meet the requirements of 940 CMR 6.05(3)(a), provided that such products do not constitute a substantial portion of all products involved in the sale.

(c)   Notwithstanding 940 CMR 6.05(3)(a), it shall not be an unfair or deceptive act for a seller to offer a product in accordance with an advertised price policy whereby prices are reduced by a set amount or percentage on a pre-set schedule.

(d)   Notwithstanding 940 CMR 6.05(3)(a), it shall not be an unfair or deceptive act for a seller, after offering a product at a discounted or reduced price, not to revert to a higher price when the item will remain at the reduced price or further discounted or reduced price until it is removed from inventory as part of a "clearance," "closeout," "permanent markdown," or "permanent price reduction."

(5)   **Introductory Offers and Future Price Comparisons.**

(a)   Except for a health club as defined in M.G.L. c. 93, s. 78, it is an unfair or deceptive act for a seller to make an introductory offer or to compare its current price for a product with the price at which the product will be offered in the future, unless:

1.   the future price takes effect immediately after the sale is over and not later than 60 calendar days after the dissemination date of the introductory offer or price comparison; and

2.   following the date the future price takes effect the product is offered openly and in good faith in Massachusetts at the future price for a period of time that is at least equal to the period of time that it was offered at the introductory price, but not less than 14 days, except where compliance becomes impossible because of unforeseeable circumstances beyond the seller's control which the seller is able to document.

(b)   It is an unfair or deceptive act for a health club as defined in M.G.L. c. 93, s. 78, to make an introductory offer or to compare its current price for a service with the price at which the service will be offered in the future unless:

1.   the seller clearly and conspicuously discloses the type(s) of membership(s) or contract(s) to which the introductory offer or price comparison applies, if the introductory offer or price comparison does not apply to each type of membership or contract sold by the seller;

2.   the future price takes effect immediately after the introductory offer or sale is over and not later than 150 calendar days after the dissemination date of the introductory offer or price comparison;

3.  the future price is maintained for at least 90 days immediately after the introductory offer or sale is over, and, in the case of pre-opening sales, the future or a higher price is maintained continuously for at least 90 days following the opening of the facility;

4.  the seller complies with all of the disclosure requirements of M.G.L. c. 93, s. 84; and

5.  in the case of pre-opening introductory offers or sales, the seller provides each purchaser with a written pre-opening price protection guarantee which states that:

    a.  the price for which the contract for health club services is being offered or sold is the lowest price currently available for that type of membership or contract at that facility;

    b.  the future price will take effect on or before a date certain specified in the contract regardless of whether the facility opens for business on that date;

    c.  the price may or may not go up significantly between the date the consumer signs the contract and the date the future price takes effect; and

    d.  if, on the date the future price is to take effect or at any time within 90 days thereafter, or in the case of pre-opening sales, within 90 days following the opening of the facility, the actual selling price is less than the advertised future price, the seller will refund in cash, or, if the purchaser has not paid for his or her membership in full, will credit to the purchaser's account, the difference between the lowest actual selling price and the advertised future price.

(c)  940 CMR 6.00 does not apply to introductory offers which are limited to first-time purchasers of a service, if:

1.  the introductory price represents at least a 10% savings from the price at which the seller is currently offering the service to non-first-time purchasers;

2.  the seller has made at least 30% of its sales to non-first-time purchasers at the higher price;

3.  the number of sales made to first time purchasers of the service at the reduced price does not exceed the number of sales made to non-first-time purchasers of the service at the higher price during any one month period that the offer is available to first time purchasers; and

4.     in the case of a seller with multiple locations in Massachusetts or in any adjacent state, the higher price must be the price at which non-first-time buyers are purchasing the service at the location making the offer, not at another location in the trade area.

For purposes of 940 CMR 6.05(4)(c), a first-time purchaser is any person who responds to an advertisement offering,

a.     a reduction in the regular price being paid or the future price to be paid by other users of the service, if such person purchases the service for the first time, or

b.     a promotion or price reduction to any person who purchases the service when they first visit the location offering the promotion or price reduction.

(6)  **Use of "Sale" Terminology.**

(a)     It is an unfair or deceptive act for a seller to use the words "priced for sale", "on sale", "sale", "selling out", "clearance", "reduced", "liquidation", "must sell", "must be sacrificed", "now only $X", or other words which state or imply a price savings unless:

1.     The actual former price, or the actual reduction stated as a fraction or percentage of the former price, is clearly and conspicuously disclosed; or

2.     The product offered for sale is being offered at a price at least 10% below the former price of the same product if the former price was $200 or less, or 5% below the former price if the former price was more than $200.

(b)     For purposes of 940 CMR 6.05 a seller's "former price" shall be determined in accordance with 940 CMR 6.05(3).

(c)     If a seller states a particular purpose or reason for a sale (for example, "clearance", "liquidation", "must be sacrificed"), then the seller must be able to substantiate that purpose or reason.

(7)  **Use of "List Price" or Similar Comparisons.**

(a)     **Seller's responsibility**. It is an unfair or deceptive act for a seller to compare its current price for a product with a "list price," "manufacturer's suggested retail price" or term of similar meaning, unless the list or manufacturer's suggested retail price is the price charged for the advertised product by a reasonable number of sellers in the seller's trade area as of the Measurement Date. However, a seller may offer pre-ticketed merchandise containing comparisons to a "list price" or a "manufacturer's retail price" as long as such comparisons comply with the

provisions of 940 CMR 6.05(10)(b)2.

(b) **Manufacturer's or franchisor's responsibility**. It is an unfair or deceptive act for any manufacturer, franchisor or distributor to compare in an advertisement the current price of any seller(s) with a list price or suggested retail price or term of similar meaning, unless such comparisons complies with the provisions of 940 CMR 6.05(10)(c).

(8) **Comparison to Other Seller's Price for Identical Product**. It is an unfair or deceptive act for a seller to compare the seller's price with a price being offered by any other seller for an identical product, unless the stated higher comparative price is at or below the price at which the identical product is being offered in the seller's trade area as of the Measurement Date, or has been offered during another period which is specifically identified, by either:

(a) a reasonable number of other sellers; or

(b) other seller(s), the identity of which is documented in the seller's records.

(9) **Comparison to Seller's Own or Other Seller's Price for Comparable Product**. It is an unfair or deceptive act for a seller to compare the seller's price with the price at which it or any other seller is offering a comparable product unless:

(a) The comparable product is being offered for sale as of the Measurement Date, or has previously been offered for sale during another period which is specifically identified, at the stated higher comparative price by:

1. the seller;

2. a reasonable number of other sellers in the seller's trade area; or

3. other seller(s) who are specifically identified in the advertisement; and

(b) There are no substantial differences in quality, grade, materials, or craftsmanship between the comparable product and the product being offered for sale; and

(c) If the comparison is made to a comparable product sold by the seller, the comparative price is determined in the same manner as a former price in accordance with 940 CMR 6.05(3).

(10) **Price Comparisons on Price Tickets or Labels.**

(a) **General**. It is an unfair or deceptive act for a manufacturer to imprint or attach to a product any ticket or label (pre-ticket) containing a fictitious or inflated price which is capable of being used by sellers as a basis for offering fictitious price reductions. It is also an unfair or deceptive act for a seller to order or request such a ticket or label.

(b) **Seller's Practices.**

    1.    The regulations governing price comparisons and savings claims apply to a seller's use of price comparisons on price tickets or labels.

    2.    A seller may offer a product for sale which has been pre-ticketed with a price by either a manufacturer who uses a list price or suggested retail price or another seller who refers to its own former price, when the seller does not know and could not reasonably determine whether such price comparisons are in compliance with 940 CMR 6.05(7), (8), or (9), provided that:

        a.    The seller has not requested, ordered or in any way induced the manufacturer or other seller to pre-ticket the product; and

        b.    The seller does not advertise such price comparisons outside the store unless it can substantiate that the price comparisons comply with 940 CMR 6.05(7), (8), or (9), as applicable.

(c) **Manufacturer's Practices.** It is an unfair or deceptive practice for a manufacturer, franchisor or distributor to pre-ticket a product with a list price or suggested retail price or term of similar meaning unless the manufacturer or non-retail distributor independently sets such price and the list price or suggested retail price is the price at which the manufacturer has the good faith intention that the product be sold.

(11) **Rangeof Savingsor Price Reduction Claims.**

(a) It is an unfair or deceptive act to state or imply that any products are being offered for sale at a range of prices or at a range of percentage or fractional discounts unless:

    1.    The highest price or lowest discount in the range is clearly and conspicuously disclosed and, if in print, the type is at least the same size as the type size of the lowest price or highest discount in the range;

    2.    The number of items available at the lowest price or highest discount comprises a significant number of the items in the offering at the Measurement Date, which shall not be less than 10% of the items in the offering in the case of a sale that is not a department-wide or store-wide sale;

    3.    The seller clearly and conspicuously discloses in the advertisement any material facts about the lowest priced or highest discounted products offered, the omission of which would have the tendency or capacity to mislead or deceive reasonable buyers or reasonable prospective buyers with respect to the description, size, grade or quality of such products;

4.   If a range of discounts or price reductions is stated, the seller discloses the basis for the price comparison in accordance with 940 CMR 6.05(2) and (3); and

5.   If the price of a product is being compared to a range of prices for an identical or comparable product in accordance with 940 CMR 6.05(8) or (9), the lowest price in the range of prices of the identical or comparable product is clearly and conspicuously disclosed and, if in print, the type is at least the same size as the highest price in the range.

(12)   **Use of Terms "Wholesale" or "At Cost."**

(a)   It is an unfair or deceptive act for a seller to state or imply that any product is being offered at or near the seller's "wholesale" price or "at cost" or to use a term of similar meaning unless the price is, in fact, either at or below the price paid by the seller at wholesale, or, in the case of a service, the seller's cost for the service excluding overhead and profit.

(b)   The following constitute violations of 940 CMR 6.05(12)(a):

1.   A seller advertising a retail price as a wholesale price; or

2.   A seller advertising a price as a factory or wholesale price where the price is not the price paid by a seller purchasing directly from the manufacturer.

(13)   **Use of Terms "Two for the Price of One", "Buy One - Get One Free".** It is an unfair or deceptive act for a seller to state or imply that products are being offered at the usual price of a smaller number of the same or a different product (for example, "Four gallons of paint for the price of three" or "Buy two pairs of shoes and pay only the price for the higher priced pair") unless:

(a)   The seller clearly and conspicuously discloses all material conditions which are imposed on the sale; and

(b)   The price advertised as the usual price for the smaller number of products is the seller's own former price as determined by 940 CMR 6.05(3); and

(c)   The products are of substantially the same quality, grade, material and craftsmanship as the seller offered prior to the advertisement.

(14)   **Use of Term "If Purchased Separately".**

(a)   It is an unfair or deceptive act for a seller to make any price comparison based on the difference between the price of a system, set or group of products and the price of the products "if purchased separately" (or words of similar meaning) unless:

1. A reasonable number of sellers in the seller's trade area are currently offering the products as separate items at or above the stated separate purchase price as of the Measurement Date; or

2. The seller has actually sold or offered the products for sale as separate items at the stated separate purchase price in accordance with 940 CMR 6.05(3).

(15) **Prices for Parts or Units of Sets or Systems.** It is an unfair or deceptive act for a seller to advertise a price for any product which normally sells as part of a pair, system, or set without clearly and conspicuously disclosing that the price stated is the price per item or unit only, and not the price for the pair, system or set.

(16) **Gifts.** It is an unfair or deceptive act for a seller to state or imply that any product is being offered for free or at a reduced price (a "gift") in conjunction with the purchase of another product ("primary product"), unless:

(a) The seller clearly and conspicuously identifies the gift in the advertisement;

(b) The stated price of the primary product does not exceed the seller's former price, as defined in 940 CMR 6.05(3);

(c) The seller clearly and conspicuously discloses in the advertisement the value of the gift, with such value being determined according to:

1. 940 CMR 6.05(3) if the gift has been sold or offered for sale by the seller; or

2. 940 CMR 6.05(8) or (9) in all other instances, unless the gift is not commercially available;

(d) The seller clearly and conspicuously discloses in the advertisement all material conditions or limitations imposed by the seller as a prerequisite to receipt of or on the use of the gift; and

(e) The gift is provided to the buyer at the time the conditions are met, unless:

1. The advertisement clearly and conspicuously discloses a specific later delivery date (for example, 20 days after the consumer satisfies the advertised conditions); or

2. The consumer agrees in writing to a specific later delivery date.

(17) **Use of Disclaimers.** The use in an advertisement of a price comparison prohibited by 940 CMR 6.00 is an unfair or deceptive act even if the advertisement also contains disclaimers or explanatory language.